ESCALERA, PLAINTIFF AND APPELLEE, v. ESCALERA ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in an Action
for Annulment of Partition.

No. 2494.—Decided June 13, 1922.

PARTITION—LIMITATION OF ACTION.—Although an heir may have been present
at a family gathering wherein the parties attempted to make a partition but
finally postponed it, if the partition is made later without the consent of
the said heir and the evidence discloses that the person who signed it in his
name was not authorized to do so, the partition is null and void; therefore,
the four-year limitation to which sections 1268 and 1043 of the Civil Code
refer is not applicable to an action for its annulment.

The facts are stated in the opinion.

Messrs. E. H. F. Dottin and C. Iriarte Jr., for the appellants.

Messrs. M. Tous Soto, E. Campillo and T. Rivera for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Recorded in the Registry of San Juan is a deed of partition. The complainant sought to annul the deed and the District Court of San Juan rendered judgment in his favor. The principal controversy turns on a question of fact.

The complainant was one of several heirs and the court below found he was never notified of a petition made to the court for the appointment of a commissioner (contador partidor); that he was not notified either of the hearing of that petition or the subsequent report of the commissioner and that he was not by service of copy or due notice given opportunity to oppose the approval of the partition by the court.

The proof showed that the complainant was put into possession of a piece of land by his father consisting of three acres and a fraction situated in the ward of Seboruco, Santurce, and bounded on the north by lands of the Calderón Succession, Agustín Llano, Francisco Latorre and Pedro Moczó; on the south and east by the Succession of Félix Escalera, and on the west by José Herrera; that he was in point of

fact present at one family gathering or of the parties wherein by reason of the refusal of one of his sisters the proceedings for partition were postponed. Further than that there is no satisfactory direct proof of complainant's intervention in the partitional proceedings. The evidence that several witnesses gave of the cooperation of the complainant is too general and too vague to weigh against his positive denial, especially when his testimony was believed by the trial court and from the whole record we are inclined to believe him. The most important piece of evidence against him was a notice of the actual division made by an engineer, which was not signed by the complainant, Modesto Escalera, but by his brother Mónico who testified that he signed at the request of Modesto because the latter did not know how to write. The proof at the trial, however, was conclusive that Modesto did know how to write and in the conflict between the testimony of the two brothers the court found, and we think properly, that the complainant was to be believed when he said he gave no such authorization to his brother.

The appellants also point out that the partition deed was recorded and that taxes were paid on the portion of land assigned to Modesto by the said deed. We are not clear that these taxes were paid by Modesto, for he denied the fact and said he paid taxes on the property he was occupying. But there is nothing to show that this rather old man intentionally paid taxes on any property of which he was not in possession. Any one may pay taxes for another and to invoke an estoppel or the like the circumstantial or direct evidence should be stronger. As to the record of the partition deed, there is no proof that complainant had any connection with the record and there is no question of third persons in this case. Perhaps Modesto was informed originally, formally or informally, of the partition proceedings, but from the moment that the parties retired because of the objections made by a sister, there is no satisfactory evidence of any interven-

tion by Modesto. Likewise there is nothing in the record to suggest that he is invoking a mere naked right because of some past informality in the execution of the deed. On the contrary, he desires to be left where his father put him and where he has been for years and objects to being moved by the assignees of his brother and sister from his homestead. His peace was disturbed by the attempt to gain possession of the land he is occupying. The assignees intervened in the partition deed.

The appellants maintain, that the complaint fails to state a cause of action. Most of the considerations of appellants are applicable to contracts where a party has intervened. Then fraud or bad faith or something of the kind must be averred before a party may disavow his own act. What complainant objects to is the existence of a partition deed which was consummated without his intervention, which apportions him land that he may not want, possibly swampy, and which puts a cloud on the title of the land he actually occupies. We agree with the appellee that as to him the partition deed is utterly void and non-existent and that he is entitled to have this muniment of title against him destroyed. Section 70 of the Law of Special Proceedings was not followed.

Appellants also allege prescription, inasmuch as the action was not brought within four years. They attempt to show that this is an action for rescission, but this theory presupposes the intervention of the complainant in the contract, while the fact is that the alleged contract is void and non-existent. We agree with the court below and appellee that a proceeding of this sort can not be validated or ratified by time, and that the four year prescription of which the Civil Code speaks (sections 1268, 1043) is not applicable in an action to destroy a record or record wherein the complainant took no legal part. *Oliver v. Oliver,* 23 P. R. R. 168; *Torres v. Torres,* 29 P. R. R. 847.

The only other error relied on has for its point of departure the theory that the approval by the court of the partition is a substitute for the consent of the parties, where all the parties are of age. We agree with the appellee and the court that this proceeding was an attempt to set up a relation between the parties, that if valid would have established a contract or something similar as to be governed by the principles of contracts. Therefore, as the situation produced was accomplished without the intervention of the appellee, the court was justified in finding the partition void as to him.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.